OPINION
ROTH, Circuit Judge.
John Mizic appeals the sentence he received for violating 18 U.S.C. § 751(a) (escape), 18 U.S.C. § 1344 (bank fraud), and 18 U.S.C. § 1708 (possession of stolen mail). Mizic argues that the government breached its plea agreement with him by “undermining its recommendation for sentence reduction” and that the District Court’s sentence was unreasonable because it erred in applying the sentencing guidelines to his conduct. We assume the parties’ familiarity with the facts and the record of prior proceedings, which we refer to only as necessary to explain our decision. For the reasons given below, we will affirm the District Court’s judgment of sentence in this matter.[1]
Mizic’s argument that the government undermined its recommendation for sentencing reduction is wholly without merit. In the agreement, the parties stipulated to a 140-month sentence, with the potential for departure at the government’s recommendation upon its determination that Mizic had provided substantial assistance in uncovering the extent of his crimes and those of any others involved. The government requested a sixteen-month reduction. The District Court, however, within its discretion rejected this departure and we will not review this rejection. See U.S. v. Cooper, 437 F.3d 324, 332-33 (3d Cir.2006). Mizic then received a 140-month sentence, as prescribed in the plea agreement. Because the sentence imposed was -within the terms of the plea agreement, the government did not breach it.[2]
Mizic’s second argument, that his sentence was unreasonable because the District Court incorrectly calculated his sentence based on the guidelines, also fails. The plea agreement states that “pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the government and the defendant stipulate and agree to the following regarding the defendant’s offense level, criminal history category, and sentence: The parties shall stipulate that the defendant’s sentence should be 140 months imprisonment....” An agreement entered under Rule 11(c)(1)(C) “binds the court once the court accepts the plea agreement.” Fed.R.Crim.P. 11(c)(1)(C); United States v. Bernard, 373 F.3d 339, 343 (3d Cir.2004). The District Court accepted the plea agreement; therefore, it was reasonable for the court to sentence Mizic in accordance with the agreement’s terms.
For the foregoing reasons, we will affirm the District Court’s judgment of sentence.

. We exercise plenary review over whether the government breached the terms of its plea agreement. United States v. Rivera, 357 F.3d 290, 293-94 (3d Cir.2004). Plenary review also applies to the district court’s interpretation of the Sentencing Guidelines; we review any factual findings for clear error. United States v. Grier, 475 F.3d 556, 570 (3d Cir.2007).

. Had it not requested a sixteen-month departure, the government could still have been in compliance with the agreement, which explicitly stated the government would determine whether Mizic's assistance was substantial.